UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCD Moving Services LLC, | No. 2:20-cv-01307-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Navistar Inc., Does 1-10, | |
| Defendants. | |

Plaintiff OCD Moving Services purchased a used truck and moving body from defendant Navistar. First Am. Compl. ("FAC") ¶ 13, ECF No. 1-2. Plaintiff claims the truck exhibited various mechanical problems immediately upon receipt, *id.* ¶¶ 20–21, which required a series of costly repairs at its own expense, *id.* ¶¶ 51–84. Plaintiff claims a breach of implied warranties of merchantability and fitness for a particular purpose, breach of contract, and fraud. Navistar moves for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Mot., ECF No. 11. The motion is fully briefed and the court submitted it without a hearing. *See* Opp'n, ECF No. 13; Reply, ECF No. 15; Minute Order, ECF No. 14. As explained below, the motion is **granted.**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion may raise the defense of failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2)(B).

1    The same standard of review applies to motions brought under Rule 12(c) and Rule 12(b)(6).
2    *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)
3    ("Rule 12(c) is 'functionally identical' to Rule 12(b)(6) . . . ."). "Judgment on the pleadings is
4    properly granted when there is no issue of material fact in dispute, and the moving party is
5    entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).
6    The court "must accept all factual allegations in the complaint as true and construe them in the
7    light most favorable to the non-moving party." *Id.*  A court's consideration of documents
8    attached to a complaint, documents incorporated by reference in the complaint, or matters of
9    judicial notice will not convert a motion to dismiss into a motion for summary judgment.
10   *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*,
11   51 F.3d 1480, 1484 (9th Cir. 1995); *Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc.*,
12   No. 2:17-cv-01515-KJM-AC, 2020 WL 3893395, at *2 (E.D. Cal. July 10, 2020) (applying rule
13   to motion for judgment on the pleadings).
14        Here, plaintiff waived its claims for breach of implied warranties.  Defendant attached a
15   copy of the fully incorporated sales agreement to its motion, and plaintiff does not contest the
16   agreement's authenticity.  Sales Agreement, Jacquinot Decl. Ex. A, ECF No. 11-2.  The sales
17   agreement includes disclaimers of the warranties of merchantability and fitness for a particular
18   purpose in all caps under a section labelled Disclaimer of Warranties.  *See id.* at 6 ("IF
19   VEHICLE(S) IS USED, THE VEHICLE(S) IS SOLD 'AS-IS' WITH NO WARRANTY unless
20   otherwise endorsed by Seller."); *id.* at 7 ("THE COMPANY SPECIFICALLY DISCLAIMS
21   WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR
22   PURPOSE. . .").  These disclaimers are sufficiently conspicuous and explicit.  *See* Cal. Com.
23   Code § 1201(10); *Dang v. Samsung Elecs. Co.*, Ltd. 803 F. App'x 137, 138 (9th Cir. 2020)
24   (unpublished) ("[T]he disclaimer met the requirements of being conspicuous [because] the written
25   disclaimer is in all caps under a section label[] . . . and the disclaimer is set off from the
26   surrounding text.").  "As is" is language of "common understanding" and sufficient to disclaim
27   implied warranties.  *See Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1180 n.26 (2018).  Plaintiff
28   /////

1  does not point to any contract language in which the seller endorses a warranty, so plaintiff does
2  not state a claim for breach of implied warranties.

3  Nor does plaintiff state a claim for breach of contract. A claim for breach of contract
4  requires a plaintiff to plead "(1) the existence of the contract, (2) plaintiff's performance or
5  excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the
6  plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (citation omitted). A
7  breach of contract claim may be dismissed if "the pleadings demonstrate that the express contract
8  in question was not breached." *Sawicky v. AMC Networks Inc.*, 753 F. App'x 501, 502 (9th Cir.)
9  (unpublished), *cert. denied*, 140 S. Ct. 506 (2019), *reh'g denied*, 140 S. Ct. 922 (2020) (citing
10 *Oasis W. Realty, LLC*, 51 Cal. 4th at 811). Here, plaintiff alleges defendant breached the sales
11 agreement because it did not render a safe, operational truck and returned the truck unrepaired.
12 FAC ¶ 86. But the sales agreement does not include any provisions requiring the performance
13 plaintiff assumes it was owed, and plaintiff does not point to any other oral or written contract
14 provisions. Plaintiff also claims defendant breached the contract by providing a truck other than
15 the one plaintiff test drove and committed to buy. *Id.* ¶¶ 45–49 (alleging tested truck's VIN
16 ended in 3397 and delivered truck's VIN ended in 3023). The VIN in the contract, however,
17 matched the VIN on the delivered truck. *See* Sales Agreement at 5. Thus, the pleadings
18 themselves demonstrate defendant did not breach the sales agreement.

19 Finally, the complaint does not state a claim for fraud. The economic loss doctrine bars
20 the recovery of purely economic damages in cases like this one absent a tort liability that "is
21 either completely independent of the contract or arises from conduct which is both intentional and
22 intended to harm." *Erlich v. Menezes*, 21 Cal. 4th 543, 551–52 (1999) (citing *Christensen v.
23 Superior Court*, 54 Cal. 3d 868, 885–86 (1991)). "[T]o adequately allege the fraudulent
24 inducement exception to the economic loss rule based on promissory fraud, a plaintiff must allege
25 that (1) promissory fraud has occurred, and (2) promissory fraud induced the plaintiff to enter a
26 new or modified contract." *R Power Biofuels, LLC v. Chemex LLC*, No. 16-00716, 2017 WL
27 1164296, at *7 (N.D. Cal. Mar. 29, 2017). Plaintiff does not allege defendant's
28 misrepresentations risked or resulted in any physical harm. *See Robinson Helicopter Co. v. Dana*

3

*Corp.*, 34 Cal. 4th 979, 991 n.7 (2004).  Nor has plaintiff identified any affirmative misrepresentations by defendant that fraudulently induced plaintiff to enter a contract with different terms.  *See In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, ___ F. Supp. 3d ___, No. 18-02814, 2020 WL 5267567, at *8 (C.D. Cal. Sept. 2, 2020) ("[T]he economic loss rule bars [a] claim for fraudulent inducement by omission."); *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1239 (1991).

    Because the complaint does not state a claim for relief, the court need not further consider the viability of plaintiff's requests for attorneys' fees and punitive damages.

    Plaintiff requests leave to amend the complaint.  Although the complaint does not state a claim for relief, defendant has not shown the fraud claim "could not possibly be cured by the allegation of other facts."  *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)) (applying cure rule in context of judgment on pleadings).  By contrast, plaintiff does not propose any amendments that could support its warranty and breach-of-contract claims, and the court can conceive of none.  The warranty and contract claims are thus **dismissed without leave to amend**, and the fraud claim is **dismissed with leave to amend** if an amendment is possible within the confines of Rule 11.  Any amended complaint must be filed **within twenty-one days**.

    This order resolves ECF No. 11.

    IT IS SO ORDERED.

DATED:  January 11, 2021.

                                              CHIEF UNITED STATES DISTRICT JUDGE